UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

TYWAN D. CHURCH,

      Plaintiff,

          v.                      CAUSE NO. 1:20-CV-177-WCL-SLC

ALLEN COUNTY COMMISSIONERS, et
al.,

      Defendants.

OPINION AND ORDER

Tywan D. Church, a prisoner without a lawyer, filed a complaint alleging that an

officer of the Fort Wayne Police Department, Officer B. Gerig, planted drugs on him and

then lied about it in a probable cause affidavit. "A document filed *pro se* is to be liberally

construed, and a *pro se* complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must

review the complaint and dismiss it if the action is frivolous or malicious, fails to state a

claim, or seeks monetary relief against a defendant who is immune from such relief. "In

order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants

deprived him of a federal constitutional right; and (2) that the defendants acted under

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Church alleges that, on September 5, 2019, Officer B. Gerig discriminated against

him "by repeatedly lying, withholding evidence, [and] planting drugs on him." ECF 1

at 4-5. The probable cause affidavit states that cocaine was discovered in Church's

underwear while he was handcuffed in the back of Officer Gerig's squad car. Church,

however, contends that Officer Gerig placed the drugs in the back seat of the patrol car.

Church was charged with possessing between 10 and 28 grams of cocaine, under Allen

County cause number 02D04-1809-F4-00073. According to the court's docket, Church

pled guilty to this charge and was sentenced to eight years in the Indiana Department

of Correction with six years suspended. That conviction has not been set aside.

Church has sued the Allen County Commissioners because they "supervise the

Allen County Judges and provide appropriations that finance the Courts." ECF 1 at 2.

But, Church has not alleged that the Allen County Commissioners were involved in any

way in the decision to stop his vehicle, plant drugs in the back seat of the patrol car,

arrest him, bring charges against him, find him guilty, or sentence him. The Allen

County Commissioners are not liable merely because they "supervise the Allen County

Judges and provide appropriations that finance the Courts." Respondeat superior is not

available under the circumstances alleged in the complaint. *See Davis v. Povaleri*, 2015

WL 2125081, *1 (S.D Ind. 2015).

Likewise, Church has sued the Fort Wayne Police Department, but he cannot

proceed against the police department because a municipal police department is not a

suable entity under Indiana law. *Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th

Cir. 2011).

That leaves Officer Grief, who allegedly planted drugs in the back seat of his

squad car and then claimed that those drugs were found in Church's underwear, which

ultimately resulted in Church's conviction for the offense of possessing cocaine. To the extent that Church is asking that his state court conviction be vacated and the charges against him dismissed, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). To the extend that Church is seeking monetary damages, "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Because a favorable ruling on Church's claim that Officer Gerig planted drugs in the back seat of the squad car and said they were found in Church's underwear him would necessarily imply that his conviction of possessing those same drugs is invalid, Church cannot proceed on this claim at this time. Having his conviction set aside is a prerequisite for Church to bring this claim in a section 1983 action. Thus, the court will dismiss this claim without prejudice to Church's right to refile it if he is able to have his conviction set aside.

Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES the Allen County Commissioners and Fort Wayne Police Department pursuant to 28 U.S.C. § 1915A because Tywan D. Church cannot state a claim against them, and DISMISSES Tywan D. Church's claims against Officer B. Gerig WITHOUT PREJUDICE to his right to refile that claim against him if he is able to have his conviction set aside.

SO ORDERED on September 2, 2020.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT